UNITED STATES of America, Appellee,

v.

Mitchell DENKER, Defendant–Appellant.

No. 03–1460.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Elizabeth C. Woodcock, Assistant United States Attorney, for Peter W. Hall, United States Attorney for the District of Vermont (David V. Kirby, First Assistant United States Attorney, on the brief), Rutland, VT, for Appellee.

Richard Della Fera (Alvin E. Entin, on the brief) Entin, Margules & Della Fera, P.A., Fort Lauderdale, FL, for Defendant–Appellant.

PRESENT: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

SUMMARY ORDER

Mitchell Denker ("Defendant") was convicted after a jury trial in the United States District Court for the District of Vermont (Murtha, *J.*) of willfully failing to report the transportation of more than $10,000 outside of the United States, in violation of 31 U.S.C. §§ 5316, 5322(a), and of knowingly making false material declarations to a grand jury, in violation of 18 U.S.C. § 1623. In addition to convicting Defendant on these two counts, the jury also determined that the unreported money ($66,000 in cash) would be forfeited. *See* 31 U.S.C. § 5317 (authorizing forfeiture). The district court sentenced Defendant to five months' imprisonment, five months' home confinement, two years of supervised release, and a fine of $10,000.

On appeal, Defendant raises a number of claims. We find each one to be without merit and therefore affirm the judgment of conviction.

■ First, Defendant submits that there was insufficient evidence to support his conviction on either charge or, alternatively, that the district court should have granted his motion for a new trial given the alleged weakness of the evidence against him. We think, however, that, viewing the trial evidence in the light most favorable to the prosecution, a rational jury could find: a) that Defendant know-ingly transported $66,000 in cash across the United States/Canada border, b) that he failed to report this transportation, and c) that his failure to report was willful, as he was aware of the reporting requirements and knew that the failure to comply with them was illegal. *See Ratzlaf v. United States,* 510 U.S. 135, 141–43, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (defining "willfully violate" as used in section 31 U.S.C. § 5322(a)). With regard to his conviction for making false declarations to the grand jury, a rational jury could find: a) that Defendant told the grand jury that, at the time he transported the money across the Canadian border, he had a confirmed reservation at the Sheraton Hotel in Burlington, Vermont, for that evening, b) that he made this statement knowing that it was false, and c) that the subject matter of the statement was "material" to the grand jury's investigation of his failure to report the money, since, whether he in fact had a confirmed hotel reservation in Burlington could influence the grand jury's assessment of his claim that he intended to make only a quick trip into Canada and that his failure to report the money was inadvertent, not willful. *See United States v. Regan,* 103 F.3d 1072, 1084 (2d Cir.1997) (defining "material" for purposes of 18 U.S.C. § 1623(a)). Accordingly, Defendant has failed to carry his "heavy burden" in demonstrating the insufficiency of the evidence. *See United States v. Glenn,* 312 F.3d 58, 63–64 (2d Cir.2002). In light of the trial evidence, we also hold that Defendant's motion for a new trial was properly denied by the district court. *See United States v. Ferguson,* 246 F.3d 129, 134 (2d Cir.2001).

■ Second, Defendant argues that the government violated its production obli-

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

gations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to inform him that, after his arrest, signs were posted (on the route that he had taken to the Canadian border) informing travelers of the currency-reporting requirements and making the location of the U.S. Customs building more apparent. He alleges that the subsequent placement of these signs supports his defense that he inadvertently missed the customs building. The government points out, however, that Defendant found out about these signs while the trial was still pending and in fact introduced evidence about them at trial. Given this, we hold that, whatever else may be wrong with this *Brady* claim, it must fail because Defendant has not suffered any prejudice.

■ Finally, Defendant claims that the district court erred in denying his motion to suppress the evidence flowing from his arrest by U.S. Customs agents. At the time of the arrest, he asserts, the agents did not have probable cause to believe that he willfully failed to comply with the currency-reporting requirements. We disagree. The evidence showed that, after crossing the border into Canada, Defendant was questioned by various Canadian customs, immigration, and police officers. They found that Defendant had $66,000 in his car and on his person, including $19,000 that was contained in a shaving kit inside his luggage. Defendant gave these Canadian officials conflicting accounts about his travel plans–at first, he said that he was going to Montreal for a few days, but, after the money was revealed, he said that he was only going across the border briefly to buy and smoke a Cuban cigar. He also told them that he was aware of the currency reporting requirements, but that he did not report the $66,000 because he did not see a place to make such a report on the American side of the border. The Canadian officials informed U.S. Customs agents of what they learned, and these agents subsequently arrested Defendant. Given the information known to the agents, the district court properly held that the arrest was supported by probable cause.

We have considered all of Defendant's claims and find them to be without merit. We therefore AFFIRM the judgment of the district court.